PER CURIAM:
This claim was submitted for decision based upon the pleadings, and upon two stipulations.
The claimant's by their counsel, Joseph D. Talarico, and respondent, by its counsel, Nancy J. Aliff and Jeff Miller, entered into two stipulations. The parties agreed to the following facts:
On or about August 28, 1983, claimant Paul Anderson was operating his 1980 Datsun 210 Sedan on U.S. Route 22 in Weirton, Brooke County, West Virginia.
On that date, claimant Gerard Anderson was a passenger in said vehicle.
That on August 28, 1983 U.S. Route 22 in Weirton, Brooke, County, West Virginia, and the light poles adjacent to U.S. Route 22 were under the control and jurisdiction of *67 the respondent.
On this date, U.S. Route 22 and the light poles adjacent to said highway were owned and maintained by respondent.
That as claimant's vehicle approached the Harmon Creek Exit of U.S. Route 22, respondent's light pole fell from its mounting base and struck the roof and the right side of claimant's vehicle.
That as a result of said fall, claimant's vehicle was damaged and the claimant's sustained personal injuries and pain and suffering.
The $5,000.00 is a fair and equitable settlement of the claim.
Subsequent to the original action filed on December 19, 1983, Claimant Gerard Anderson died intestate in Los Angelos County, California.
No proceeding relating to the administration of Gerard Anderson's estate has been or is currently being conducted in the State of California or the State of West Virginia.
That under the laws of descent and distribution in the State of California (Section 6402 of the California Probate Code), the personal estate of a decedent dying intestate, unmarried, without surviving issue or parent, passes to his/her siblings.
That property of decedent should be paid and delivered to:
Edith R. Bence, 1876 Fowler, #206, Richland, Washington, 99352.
Paul H. Anderson 3106 Bergman St., Pittsburgh, PA 15204, and Mathilda Mae Miller, 5812 West Gunnison Ave., Chicago, IL 60630.
These are all of the surviving siblings of the decedent and are the only surviving issue of decedent and are the successors to the decedent's estate as defined in Section 6402 of the California Probate Code.
The Court, having determined that Edith R. Bench, Paul H. Anderson and Mathilda Mae Miller affirmed under penalty of perjury that the foregoing is true and correct, finds that no other person has the right to the interest of the decedent in his present estate and that as successors of the decedent, the award herein should be paid, delivered, or transferred to Edith R. Bence, Paul H. Anderson and Mathilda Mae Miller.
In view of the foregoing, the Court makes an award in the amount of $5,000.00 to *68 be divided equally among the successors to the decedent, Edith R. Bench, Paul H. Anderson and Mathilda Mae Miller.
Award of $1,666.67 to Edith R. Bence.
Award of $1,666.67 to Paul H. Anderson.
Award of $1,666.66 to Mathilda Mae Miller.